### R. H. GALE *v.* COMMONWEALTH.

**Criminal Law—Instructions.**

Where instructions given by the court in a criminal case were not objected or excepted to, they cannot be considered by this court.

**Res Gestae.**

Declarations made to a witness by the accused about five minutes after the shooting are not admissible as a part of the res gestæ; the declaration was a mere narrative of a then past event, and was incompetent.

APPEAL FROM ROBERTSON CIRCUIT COURT.

May 27, 1879.

OPINION BY JUDGE COFER:

The instructions given by the court do not appear to have been objected or excepted to, and we cannot consider them. Instruction No. 7, asked for the appellant, was given. No. 8 was properly refused. The court had not anywhere in the instructions told the jury that it was under any circumstances the duty of appellant to retreat, but had told them that if he believed and had reasonable grounds to believe that he was in immediate danger of suffering great bodily harm at the hands of Overly, then he had a right to use such means as were at hand or apparently necessary to protect himself.

The declarations made to the witness, Wells, by the appellant about five minutes after the shooting were not admissible as part

of the res gestæ. These declarations were a mere narrative of a then past event, and were incompetent. Wharton on Evidence, Sec. 261; 1 Greenl., Sec. 110.

Nor was it competent to prove either the declarations made or the appearance of alarm exhibited by the appellant when a threat of the deceased was communicated to him. The fact that the threat was made and communicated was proved, and the jury were to decide how far the threat was calculated to create in the appellant a reasonable apprehension of danger, when he subsequently met the deceased. He was not to be tried by his fears, but by the reasonableness of his apprehensions.

That the deceased repeatedly threatened the appellant's life and once attacked him with rocks was proved, but the altercation between them on the occasion of the trial of the peace warrant, and the threat then made to whip the appellant, and the fact that deceased took hold of a chair and tried to strike him, were not allowed to be proved.

In view of the overwhelming evidence already before the jury that the deceased had threatened the life of the accused, the substantial rights of the appellant cannot have been prejudiced by the refusal to allow that altercation to be proved. We cannot say that there was an abuse of discretion in refusing to allow the witness, Jackson, to state when recalled whether appellant was near enough to the deceased to hear the threat proved by that witness. The threat had already been proved, and it was also proved that it had been communicated to the appellant, and it was not important whether he heard it from the lips of the deceased or not.

Wherefore, perceiving no error to the prejudice of the substantial rights of the appellant, the judgment is *affirmed*.

*Deming & Owens, A. Duvall, for appellant. Moss, for appellee.*